50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruby Lee MYERS, Petitioner-Appellant,
v.
William DUNCAN, Warden; Attorney General for the State of
California, Respondents-Appellees.
 No. 94-55650.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 17, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Ruby Lee Myers appeals the dismissal of his petition for habeas corpus relief under 28 U.S.C. Sec. 2254. He argues that his conviction was invalid due to ineffective assistance of counsel. The facts do not support that claim, so we affirm the denial of his petition.
 
 
 4
 "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). We indulge a "strong presumption" that counsel's performance was reasonable, and it is the petitioner's burden to overcome that presumption. Id. at 689. To meet this burden and overcome the presumption, "petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." James v. Borg, 24 F.3d 20, 26 (9th Cir.1994), cert. denied, 115 S.Ct. 333 (1994). Myers does not meet his burden.
 
 
 5
 Myers claims that the state judge erred in applying state law, and that he was deprived of his federal constitutional right to the effective assistance of counsel because his lawyer failed to protect him against these violations. The district court concluded that the state trial judge did not err in the matters at issue, so there could be no ineffective assistance of counsel for failure to cause the error to be corrected. We agree. We have reviewed the record in connection with his claims, and we see no error either. Of course, we do not review for state law error, but a fortiori, if there is no error, then there could be no ineffective assistance of counsel for failure to obtain correction of the error or reversal because of it.
 
 
 6
 Myers claims that the state trial judge improperly applied California's sentencing statute and that his attorney rendered ineffective assistance when he did not catch the mistake. It appears, however, that the state trial judge properly applied California Penal Code Sec. 667.6(d) by imposing consecutive sentences. The statute reads:
 
 
 7
 A full, separate, and consecutive term shall be served for each violation of Section 220, other than an assault with intent to commit mayhem, provided that the person has been convicted previously of violating Section 220 for an offense other than an assault with intent to commit mayhem ... or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victims or another person if the crimes involve separate victims or involve the same victim on separate occasions.
 
 
 8
 Cal.Penal Code Sec. 667.6(d).
 
 
 9
 The language of this section controls Myers's sentencing. He was previously convicted of forcible oral copulation on another victim, and has now been convicted of another violent sex crime. When a defendant commits sex crimes on different occasions, section 667.6(d) applies. See People v. Roberson, 244 Cal.Rptr. 51, 56-57 (Cal.Ct.App.1988).
 
 
 10
 Although Myers claims that he should have been sentenced pursuant to Penal Code Sec. 1170.1, he is incorrect. While Sec. 1170.1 sets out a statutory scheme for sentencing when a defendant is convicted of more than one felony, section 667.6 is more narrowly tailored to deal with repeat sex offenders. In this case, it was proper for the trial court to apply the more specific, sex crime sentencing statute.
 
 
 11
 Myers also argues that his counsel rendered ineffective assistance when he failed to challenge the sufficiency of the evidence supporting the finding that a gun was used during the rape. Evidence is sufficient to sustain a conviction if, viewing the evidence in the light most favorable to the government, any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 12
 " '[U]se' [under the California statute] means more than possession of a weapon or the bare potential for use, but does not require conduct that actually produces harm. It requires only a fear of harm or force by means or display of a firearm in aiding the commission of the felony." People v. Funtanilla, 1 Cal.Rptr.2d 875, 877 (Cal.Ct.App.1991). The evidence at trial showed that Myers used the gun to force his victim into a car and then to keep her there, that he placed the weapon on the floor of the car, but within reach while he raped her, and that he retrieved the weapon and resumed pointing it at the victim once he completed the sexual act. (TR 75-77). On this set of facts, a reasonable jury could have found that Myers "used" a weapon in the commission of the crime, as defined by the California Penal Code.
 
 
 13
 Because the evidence amply supports the jury verdict and the sentencing was properly carried out, it was not error for Myers's appellate counsel to fail to raise a challenge on these grounds.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge, for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3